

**U. S. Department of Justice**

*United States Attorney*
*Northern District of Iowa*

---

*111 Seventh Avenue, SE*    *319-363-6333*
*Box 1*                     *319-363-1990 (fax)*
*Cedar Rapids, IA 52401-2101*    *319-286-9258 (tty)*

October 22, 2014

Jill Johnston
320 Third Street SE
Suite 200
Cedar Rapids, IA 52401

     Re:    *United States v. Hernandez-Labra, 14-CR-3036*

Dear Ms. Johnston:

    This letter will serve as a memorandum of a proposed plea agreement between the United States Attorney's Office for the Northern District of Iowa and Abel Hernandez-Labra, defendant. All references to the "United States" or "government" in this proposed plea agreement refer to the United States Attorney's Office for the Northern District of Iowa and to no other governmental entity. This plea offer will expire on October 27, 2014, unless otherwise extended by the government.

## CHARGES AND PENALTIES

    1. Defendant will plead guilty to Counts 1, 5, 7, and 8 of the Second Superseding Indictment filed on September 24, 2014. Count 1 charges false statements in a passport application, in violation of 18 U.S.C. § 1542. Count 5 charges aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). Count 7 charges false claim of U.S. citizenship to register to vote, in violation of 18 U.S.C. § 1015(f). Count 8 charges harboring, encouraging and inducing an alien to reside in the United States in violation of law, in violation of 8 U.S.C. § 1324(a)(1)(A).

    2. Defendant understands that pursuant to 18 U.S.C. § 1542, Count 1 is punishable by the following maximum penalties: (1) not more than 10 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 3 years.

    3. Defendant understands that pursuant to 18 U.S.C. § 1028A(a)(1), Count 5 is punishable by the following maximum penalties: (1) two years

GOVERNMENT EXHIBIT
1-plea
14 cr 3036
PENGAD 800-631-6989

Jill Johnston
United States v. Hernandez-Labra
October 22, 2014
Page 2

imprisonment, without the possibility of parole, to be served consecutive to any other sentence; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than one year.

4. _A·H_ Defendant understands that pursuant to 18 U.S.C. § 1015(f), Count 7 is punishable by the following maximum penalties: (1) not more than 5 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 3 years.

5. _A·H_ Defendant understands that pursuant to 8 U.S.C. § 1324(a)(1)(B)(ii), Count 8 is punishable by the following maximum penalties: (1) not more than 5 years' imprisonment without the possibility of parole; (2) a fine of not more than $250,000; (3) a mandatory special assessment of $100; and (4) a term of supervised release of not more than 3 years.

6. _A·H_ Defendant understands restitution and a term of supervised release following incarceration may be imposed in addition to any other sentence. Defendant further acknowledges that, if defendant violates, at any time, any condition of supervised release, defendant could be returned to prison for the full term of supervised release and the Court is not required to grant credit for any amount of time defendant may have successfully completed on supervised release. Defendant also understands the U.S. Sentencing Guidelines will provide advisory guidance to the Court in determining a sentence in this case.

7. _A·H_ At the time the guilty plea is entered, defendant will admit that defendant is guilty of the charges specified in Paragraph 1 of this agreement. After sentencing, the government will move for dismissal of any remaining counts. The U.S. Attorney's Office for this District will file no additional Title 18 immigration, identity theft or firearm-related criminal charges based solely upon information now in our possession. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

8. _A·H_ Defendant understands and agrees defendant has the absolute right to plead guilty before a United States District Court Judge. However, if convenient to the Court, defendant agrees to waive and give up this right and to plead guilty before a United States Magistrate Judge. Defendant understands defendant will not be found guilty unless the United States District Court Judge accepts the plea of guilty or adopts a recommendation of the Magistrate Judge to accept such plea.

Defendant agrees to execute the attached consent to proceed before the United States Magistrate Judge.

9. _H.H_ Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, defendant may be detained pending sentencing. This is regardless of whether a U.S. Magistrate Judge or U.S. District Court Judge presides at the guilty plea hearing and regardless of whether the guilty plea is immediately accepted or formal acceptance is deferred until a later date.

## REMOVAL

10. _H.H_ Defendant understands that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Defendant understands one such consequence could include immediate removal from the United States upon completion of any period of incarceration. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of his conviction on defendant's immigration status. Defendant nevertheless affirms defendant wants to plead guilty regardless of any immigration consequences that defendant's guilty plea may entail, even if one such consequence is defendant's automatic removal from the United States upon completion of service of any sentence imposed.

## NON-COOPERATION

11. _H.H_ Defendant understands and concedes that, although defendant is not required by the terms of this plea agreement to testify before any Court or grand jury, the United States may take the prescribed actions under 18 U.S.C. § 6001, *et. seq.* or any other applicable provision of law to compel defendant's testimony. Defendant agrees that, if defendant refuses to testify after being granted immunity and ordered by the Court to testify, defendant may be found to be in contempt of court and may be punished in accordance with Federal Rule of Criminal Procedure 42 and 18 U.S.C. §§ 401 and 402. Further, the United States Attorney's Office shall be permitted to pursue any other action available to require defendant's testimony or punish defendant's refusal to testify subsequent to any order requiring defendant to testify. Defendant understands and agrees that, because defendant is not cooperating with the government, the United States will not recommend any decrease under §5K1.1 or any other provision of the United

Jill Johnston
United States v. Hernandez-Labra
October 22, 2014
Page 4

States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law.

## STIPULATION OF FACTS

12. *A. H.* By initialing each of the following paragraphs, defendant stipulates to the following facts. Defendant agrees these facts are true and may be used to establish a factual basis for defendant's guilty plea and sentence. Defendant has been advised by defendant's attorney of defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Defendant waives these rights and agrees this stipulation may be used against defendant at any time in any proceeding should defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. Defendant agrees that the stipulation below is a summary of the facts against defendant and does not constitute all of the facts the government would be able to prove at trial and may be able to prove to the Court in accordance with this agreement.

*A.H.* A. Defendant's true name is Abel Hernandez-Labra. He is a native and citizen of Mexico. Defendant was born in Mexico on XX/XX/1970. Defendant and Tamara Lynn Aguilar were married in Las Vegas, Nevada on March 26, 2012. A coinciding marriage record identifies the groom as Abel Hernandez-Labra.

*A.H.* B. Defendant was encountered by the U.S. Border Patrol on March 30, 1998, near Chicago, Illinois; and July 1, 1998, near Douglas, Arizona. When encountered near Chicago, defendant possessed a fraudulent permanent resident card in the name Abel Labra. Defendant was granted a voluntary return to Mexico both times. There is no record of lawful entry into the United States for defendant.

*A.H.* C. Defendant has used the means of identification of another actual person in Iowa since at least 2005, including the name, date of birth, and Social Security Number of Santiago Ferreira-Navedo. Defendant was issued a State of Iowa driver's license bearing a number with the last four digits "0427" under that name and date of birth on April 13, 2005. In order to obtain that Iowa driver's license, defendant presented an Illinois driver's license, Social Security Card, and a utility bill in the name of Santiago Ferreira-Navedo. Defendant obtained replacement driver's licenses in that name on December 10, 2005; May 9, 2007; March 5, 2008; November 5, 2008; February 4,

2009; November 24, 2010; and August 1, 2013. Each time he obtained a driver's license in Iowa, defendant claimed he was a United States citizen. Defendant also registered to vote under that name as part of the driver's licensing process on April 13, 2005; May 9, 2007; February 4, 2009; and November 24, 2010. A copy of defendant's 2007 voter registration card was recovered during a search of his residence on July 15, 2014.

*A.H.* D. On July 15, 2014, Diplomatic Security Special Agents interviewed the defendant regarding his identity. Defendant initially gave false information in a sworn statement. Defendant then admitted his true name is Abel HERNANDEZ LABRA and he was born on XX/XX/1970. A copy of defendant's Mexican birth certificate was found during a consent search of his car on July 15, 2014. Defendant crossed the border illegally from Mexico into the United States without inspection. Defendant admitted he was married to Tamara Lynn Aguilar. Defendant said he purchased the identity documents to live and work in the United States. Defendant purchased the Puerto Rican birth certificate and the Social Security number in Waukegan, Illinois, for $1,200. Defendant said he knew the documents belonged to a real person.

*A.H.* E. On September 3, 2008, defendant completed an application for a United States passport in Mason City, Iowa, where he falsely claimed his name was Santiago Ferriera-Navedo, and that he was born on XX/XX/1977, in Puerto Rico. As proof of identity, defendant submitted an Iowa Driver's License bearing a number with the last four digits "0427" in the name Santiago Ferriera-Navedo. As proof of citizenship, defendant submitted a valid Puerto Rican birth certificate issued in September 2002 in the name of Santiago Ferriera-Navedo. The picture on the Iowa Driver's License matched the one attached to the U.S. passport application.

*A.H.* F. On August 1, 2013, in the Northern District of Iowa, defendant falsely claimed to be a United States citizen for purpose of obtaining an Iowa Driver's License. This misrepresentation of defendant's citizenship was a fact material to the issuance of a driver's license. Defendant was not, and has never been, a citizen of the United States. Defendant has no legal status in the United States. The false claim of being a U.S. citizen through birth was made to a government

agency and concerned a matter within the authority and jurisdiction of that agency.

G. On August 1, 2013, in the Northern District of Iowa, defendant falsely represented that the Social Security number with the last four digits "6449" to be his number assigned by the Commissioner of Social Security in completing an application for a new driver's license. The Social Security number with the last three digits "6449" is a valid Social Security number issued to another real individual, Santiago Ferriera-Navedo.

H. On August 1, 2013, in the Northern District of Iowa, defendant knowingly possessed and used without lawful authority means of identification that he knew belonged to another actual person, including the name, date of birth, and social security number bearing the last four digits "6449" of another actual person, Santiago Ferriera-Navedo. Defendant used these means of identification in applying for a State of Iowa Driver's License.

I. On October 16, 2012, in the Northern District of Iowa, defendant, an alien, knowingly made a false statement and claim that he was a citizen of the United States in order to register to vote in a Federal, State, and local election. On that date, defendant falsely stated and claimed that he was a United States citizen when he registered to vote with the office of the Franklin County, Iowa, Auditor. Defendant also requested and obtained an absentee ballot which was cast in the Federal, State, and local election on November 6, 2012.

J. From about January 2014 and continuing until at least July 15, 2014, defendant harbored, encouraged, and induced an alien to reside in the United States in violation of law. El Paisita Family Restaurant was incorporated in the State of Iowa on January 13, 2013. Corporation filings list Tamara Lynn AGUILAR as the Incorporator/Chairman and defendant, using the name Ferreira-Navedo, as Incorporator/Vice Chairman of the El Paisita Family Restaurant. On July 15, 2014, defendant told investigators that he interviewed prospective employees for the business and that Aguilar completed the new hire paperwork. Defendant stated he knew Juan Pablo Meza-Lopez, an alien from Mexico, was illegally in the United States. Mesa-Lopez did various jobs and tasks at El Paisita in Hampton, Iowa, including

cooking, dishwashing, and cleaning. Mesa-Lopez was found in defendant's home when agents arrived to execute a search warrant. Defendant encouraged the alien to reside unlawfully in the United States. Defendant harbored and concealed the alien by providing work and a residence, and by not reporting the alien to immigration authorities.

## SENTENCING PROVISIONS

13. A·H Defendant understands and agrees to be sentenced based on facts to be found by the sentencing judge by a preponderance of the evidence and agrees facts essential to the punishment need not be (1) charged in the Indictment; (2) proven to a jury; or (3) proven beyond a reasonable doubt. Defendant agrees the Court will determine the appropriate sentence after considering a variety of factors, including: (1) the nature and circumstances of the offense and the history and characteristics of defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence to afford adequate deterrence to criminal conduct; (4) the need for the sentence to protect the public from further crimes of defendant; (5) the need for the sentence to provide defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (6) the need to avoid unwarranted sentencing disparities among defendants with similar criminal records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. Defendant understands the Court will also consider the kinds of sentence and the sentencing range established by the United States Sentencing Guidelines for the applicable category of offense(s) committed by defendant and will consider any pertinent policy statements issued as part of the Guidelines. The Court will consider relevant adjustments under the United States Sentencing Guidelines, which will include a review of such things as defendant's role in the offense, criminal history, acceptance or lack of acceptance of responsibility, and other considerations. The Court may also consider other information including any information concerning the background, character, and conduct of defendant.

14. A·H During plea negotiations the parties may have discussed how various factors could impact the Court's sentencing decision and the determination of the advisory sentencing guidelines range. The parties agree, however, that discussions did not result in any express or implied promise or guarantee concerning the actual sentence to be imposed by the Court. Defendant understands

Jill Johnston
United States v. Hernandez-Labra
October 22, 2014
Page 8

the Court is not bound by the stipulations of the parties, nor is it bound by the sentencing range as determined pursuant to the sentencing guidelines. This plea agreement provides for no guarantee concerning the actual sentence to be imposed. Defendant further understands defendant will have no right to withdraw defendant's guilty plea if the sentence imposed is other than defendant hoped for or anticipated.

15. The parties stipulate and agree the United States Sentencing Guidelines should be applied, at least, as follows:

A. **Offense Level - Passport Fraud (Chapter 2):** For Count 1, pursuant to USSG §2L2.2, the appropriate base offense level is 8. Four levels should be added as defendant fraudulently obtained and used a United States passport.

B. **Offense Level – Aggravated Identity Theft (Chapter 2):** For Count 5, pursuant to 18 U.S.C. § 1028A and USSG §2B1.6, the guideline sentence is 2 years, to run consecutively to any other term of imprisonment.

C. **Offense Level – Obstructing an Election (Chapter 2):** For Count 7, pursuant to USSG §2H2.1(a)(3)(B), the appropriate base offense level is 6.

D. **Offense Level – Harboring an Unlawful Alien (Chapter 2):** For Count 8, pursuant to USSG §2L1.1, the appropriate base offense level is 12.

E. **Acceptance of Responsibility (Chapter 3 adjustment):** The United States agrees for purposes of USSG §3E1.1(b) that defendant timely notified authorities of defendant's intention to enter a guilty plea.

F. **Criminal History (Chapter 4):** No agreement has been reached regarding defendant's criminal history. The parties reserve the right to contest the Probation Office's determination of defendant's criminal history and criminal history category under Chapter Four of the sentencing guidelines. In addition, defendant understands that, if defendant's criminal history would result in a higher base offense level under any guideline, the government is free to seek such a base offense level.

Jill Johnston
United States v. Hernandez-Labra
October 22, 2014
Page 9

G. No other agreements have been reached, and the parties are free to litigate any and all other applicable adjustments, departures, or cross-references under the United States Sentencing Guidelines.

16. Defendant, defendant's attorney, and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty plea, sentencing, or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information and controlling authority to the Probation Office and Court for use in preparing and litigating adjustments, enhancements, or departures scored in the presentence report, including offering statements made by defendant at any time.

17. The parties are free to contest or defend any ruling of the Court, unless otherwise limited by this agreement, on appeal or in any other post-conviction proceeding.

## CONDITIONS OF SUPERVISION

18. If probation or a term of supervised release is ordered, the parties are free to seek whatever conditions they deem appropriate.

## FINANCIAL MATTERS

19. Defendant agrees to pay a special assessment of $100 per count, ' for a total of $400, as required by 18 U.S.C. § 3013. Defendant may pay the special assessment to the Clerk of Court by credit card or use the enclosed payment coupon. Defendant or defendant's representative will send or deliver the special assessment payment to the U.S. District Clerk of Court, 111 Seventh Avenue, SE, Box 12, Cedar Rapids, IA 52401.

20. Defendant agrees to fully complete the enclosed Authorization to Release Credit Information pursuant to 15 U.S.C. § 1681b(a)(2). Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any supporting information or documentation in defendant's possession or control regarding the information contained in the consumer credit report. In addition, defendant agrees to take any additional action requested by the United States to obtain financial information about defendant in the hands of third parties. This request includes, but is not limited to, mortgages, financial statements, loan applications or requests for extension of credit, financing statements, security agreements, subordinations, promissory notes, account information, tax returns, W2s, child support obligations,

Jill Johnston
United States v. Hernandez-Labra
October 22, 2014
Page 10

and any other document that may be held by a third party containing financial information about defendant. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal, interest, and penalties, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant as well as satisfy any forfeiture obligations. Defendant further understands and agrees the United States can and will release such information to the United States Probation Office for the Northern District of Iowa.

21. Defendant agrees to fully and truthfully complete the enclosed financial statement form. Further, upon request, defendant agrees to provide the U.S. Attorney's Office with any information or documentation in defendant's possession or control regarding defendant's financial affairs and agrees to submit to a debtor's examination when requested. Defendant agrees to provide this information whenever requested until such time any judgment or claim against defendant, including principal and interest, is satisfied in full. This information will be used to evaluate defendant's capacity to pay any claim or judgment against defendant.

## FORFEITURE

22. Defendant agrees to forfeit and abandon any and all claim to items seized by law enforcement from defendant at the time of any arrest or search, including defendant's arrest and the search of defendant's residence on July 15, 2014. Defendant also waives any right to additional notice of the forfeiture and abandonment of such property. Defendant stipulates this plea agreement constitutes notice under Local Criminal Rule 57.3(c) regarding the disposal of any exhibits or evidence related to this matter. Defendant understands that, from this date forward, any local, state, or federal law enforcement agency may take custody of and use, dispose of, and transfer these items in any way the agency deems appropriate.

## GENERAL MATTERS

23. Defendant shall not violate any local, state, or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking violations, committed by defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. Defendant or defendant's attorney shall notify this office within 48 hours if defendant is questioned, charged, or arrested for any law violation.

24. A.H If defendant violates **any** term or condition of this plea agreement, in **any** respect, the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. Defendant understands, however, the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If defendant does breach this agreement, defendant faces the following consequences: (1) all testimony and other information defendant has provided at any time (including any stipulations in this agreement) to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury may and will be used against defendant in any prosecution or proceeding; (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements, or restrictions imposed upon it under this plea agreement.

25. A.H Defendant waives all claims defendant may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. Defendant also agrees any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and related provisions.

26. A.H Any dismissal of counts or agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or defendant's conviction is ultimately overturned, the United States retains the right to reinstate previously dismissed counts and to file charges that were not filed because of this agreement. Dismissed counts may be reinstated and uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) defendant successfully challenges defendant's conviction through a final order in any appeal, cross-appeal, habeas corpus action, or other post-conviction relief matter. A final order is an order not subject to further review or an order that no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. Defendant waives all constitutional and statutory speedy trial rights defendant may have. Defendant also waives all statute of limitations or other objections or defenses defendant may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

Jill Johnston
United States v. Hernandez-Labra
October 22, 2014
Page 12

### ACKNOWLEDGMENT OF DEFENDANT'S UNDERSTANDING

27. Defendant acknowledges defendant has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. Defendant has discussed the case and defendant's constitutional and other rights with defendant's attorney. Defendant understands that, by entering a plea of guilty, defendant will be giving up the right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in defendant's defense; to remain silent and refuse to be a witness by asserting defendant's privilege against self-incrimination; and to be presumed innocent until proven guilty beyond a reasonable doubt. Defendant states defendant is not now on or under the influence of, any drug, medication, liquor, or other substance, whether prescribed by a physician or not, that would impair defendant's ability to fully understand the terms and conditions of this plea agreement.

28. Defendant acknowledges that prior plea offers including those dated September 30, 2014, and October 8, 2014, have expired or been rejected. Defendant agrees defendant was notified of the plea offer(s) and defendant had a full and complete opportunity to discuss these offer(s) with defense counsel prior to the expiration or rejection date.

29. Defendant acknowledges defendant is entering into this plea agreement and is pleading guilty freely and voluntarily because defendant is guilty and for no other reason. Defendant further acknowledges defendant is entering into this agreement without reliance upon any discussions between the government and defendant (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement), and without threats, force, intimidation, or coercion of any kind. Defendant further acknowledges defendant's understanding of the nature of each offense to which defendant is pleading guilty, including the penalties provided by law.

30. Defendant further understands defendant will be adjudicated guilty of each offense to which defendant will plead guilty and will thereby be deprived of certain rights, including, but not limited to, the right to vote, to hold public office, to serve on a jury, and to possess firearms and ammunition. Defendant understands the government reserves the right to notify any state or federal agency by whom defendant is licensed, or with whom defendant does business, of the fact of defendant's conviction.

Jill Johnston
United States v. Hernandez-Labra
October 22, 2014
Page 13

## VERIFICATION

31. *A.H.* This letter constitutes the entire agreement between the parties. No other promises of any kind, express or implied, have been made to defendant by the United States or its agents. No additional agreement may be entered into unless in writing and signed by all parties. The agreement will not be deemed to be valid unless and until all signatures appear where indicated below.

If this agreement is acceptable, please have your client indicate acceptance by placing initials on the line preceding each of the above paragraphs and by signing below where indicated. By initialing each paragraph and signing below, defendant acknowledges defendant has read, fully understands, and agrees to each paragraph of this agreement. Please return all enclosures, completed and signed, with this signed letter to the U.S. Attorney's Office.

Please complete the enclosed Consent to Proceed Before the Magistrate Judge. This document is needed to allow the Magistrate Judge to receive defendant's guilty plea. After the signed Consent form and plea agreement are received, the government will ask the Court to schedule the guilty plea hearing.

Finally, please remember to pay the special assessment as agreed above.

Thank you for your cooperation.

Sincerely,

KEVIN W. TECHAU
United States Attorney

By, */s/ Daniel C. Tvedt*

DANIEL C. TVEDT
Assistant United States Attorney

ENCLOSURES:
Financial Statement Form
Special Assessment Payment Coupon
Authorization to Release Credit Information
Consent to Proceed Before Magistrate Judge

Jill Johnston
United States v. Hernandez-Labra
October 22, 2014
Page 14

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement. The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

_____  10-23-14        _____  10/27/14
ABEL HERNANDEZ-LABRA            Date              DANIEL C. TVEDT                  Date
Defendant                                        Assistant United States Attorney


_____  10-23-14
JILL JOHNSTON                   Date
Attorney for Defendant